107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Philip MANQUEROS, Defendant-Appellant.
 No. 96-30071.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 10, 1997.
Decided Feb. 6, 1997.
 
 Before: WRIGHT, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Samuel Philip Manqueros appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). Manqueros contends that the district court erred in denying his motion to suppress; in admitting hearsay statements of an unavailable witness; in permitting a federal agent to recount statements he made outside the presence of his counsel; by excusing for cause a member of the venire who could not understand English; by admitting government exhibits that lacked proper authentication; and by permitting the government to vouch for the credibility of one of its witnesses and to denigrate the presumption of innocence. Finding no error, we affirm.
 
 II.
 
 3
 Because the parties are familiar with the facts of this case, we repeat them only as necessary here.
 
 III.
 
 4
 Manqueros initially contends that the district court erred in denying his motion to suppress. According to Manqueros: (1) there was no probable cause to believe that he had stolen Lake's truck, and there were no exigent circumstances to support his warrantless arrest inside the house at 1108 South Third Street; and (2) the police were not authorized to search Lake's truck. Neither argument has merit.
 
 
 5
 A. Probable Cause and Exigent Circumstances.
 
 
 6
 Contrary to Manqueros' assertion, Officer Stephens had probable cause to believe that Manqueros had stolen Lake's truck.[1] Officer Stephens, who had been a member of the Yakima Police Department for seven months at the time of Manqueros' arrest, was responding to a report from the police dispatcher indicating that a theft of a vehicle was in progress. Upon arriving at the scene, Officer Stephens saw Manqueros standing by the open door of the truck. When Manqueros saw Officer Stephens, he walked away from the truck, took a few steps in one direction, then turned and headed toward the house at 1108 South Third Street. At the same time, Lake came out of the house and told Officer Stephens, "he's trying to steal my truck." On these facts, a reasonably-well-trained police officer could conclude that probable cause existed to believe that Manqueros was stealing Lake's truck.
 
 
 7
 Moreover, the warrantless arrest of Manqueros inside the house at 1108 South Third Street was supported by exigent circumstances. "Exigent circumstances are those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search [or arrest] until a warrant could be obtained." United States v. Gooch, 6 F.3d 673, 679 (9th Cir.1993) (internal quotations omitted). For the reasons discussed above, Officer Stephens had probable cause to believe that Manqueros had attempted to steal Lake's truck. As a result, when Manqueros responded to Officer Stephens' arrival at the house at 1108 South Third Street by quickly disappearing into the house, Officer Stephens was justified in following him into the house to arrest him. See United States v. Santana, 427 U.S. 38, 42-43 (1976).
 
 
 8
 B. Authorization to Search the Truck.
 
 
 9
 We do not reach Manqueros' argument that the police were not authorized to search Lake's truck, because Manqueros lacks standing to contest that search. In order to have standing to contest a search, an individual must have a legitimate expectation of privacy that was invaded. Katz v. United States, 389 U.S. 347, 353 (1967). As a general rule, the only person with a legitimate expectation of privacy in an automobile is its owner. Rakas v. Illinois, 439 U.S. 128, 140-41, 148 (1978). An individual only has legitimate expectation of privacy in a car he does not own if he is in possession of the automobile with the owner's permission and has a key to the car. United States v. Portillo, 633 F.2d 1313, 1317 (9th Cir.1980), cert. denied, 450 U.S. 1043 (1981). Here, Manqueros did not own the truck, did not possess it with Lake's permission, and did not have a key to the truck when he was arrested. As a result, Manqueros lacks standing to contest the search of the truck.
 
 
 10
 In any event, Manqueros' argument that the police lacked authorization to search the truck is meritless. Lake, the owner of the truck, gave Officer Gylling permission to search the truck, and there is no indication in the record that Lake ever entrusted the truck to Manqueros. Lake's permission, therefore, authorized the search.
 
 IV.
 
 11
 Manqueros contends that the district court erred in admitting the hearsay statements of Debbi Lake concerning his attempt to steal her truck and his lack of right to be in the house. In Manqueros' view, the government failed to establish Lake's unavailability, failed to make a good-faith effort to obtain Lake's presence, and failed to show that Lake's statements bore sufficient indicia of reliability to justify their admission. We review for abuse of discretion a district court's decision to admit evidence pursuant to an exception to the hearsay rule. United States v. Contreras, 63 F.3d 852, 857 (9th Cir.1995).
 
 
 12
 The district court did not abuse its discretion in admitting Lake's statements. To begin with, the statements were not, strictly speaking, hearsay: they were introduced for their effect on the state of mind of their hearer (what Officer Stephens believed when he decided to follow Manqueros into the house), not for the truth of the matters they asserted (that, in fact, Manqueros had stolen the truck and did not belong in the house). Moreover, the statements were admissible either as present sense impressions or as excited utterances. See United States v. Gil, 58 F.3d 1414, 1422 (9th Cir.) (explaining exception for present sense impressions), cert. denied, 116 S.Ct. 430 (1995); Guam v. Ignacio, 10 F.3d 608, 614 (9th Cir.1993) (explaining exception for excited utterances).
 
 V.
 
 13
 Manqueros contends that the district court erred in not suppressing his confession to Agent Wyatt at the Yakima County Jail. In his view, "whether or not BATF Agent Wyatt intended to question Mr. Manqueros without Mr. Manqueros' counsel present, the Trial Court should have found that Agent Wyatt did intentionally create a situation likely to induce Mr. Manqueros to make incriminating statements without counsel's assistance."
 
 
 14
 Manqueros' argument is without merit. Although it is true that the "Sixth Amendment ... is violated whenever an agent of the Government deliberately elicits incriminating statements from an indicted defendant in the absence of counsel," United States v. Kimball, 884 F.2d 1274, 1278 (9th Cir.1989) (citing Massiah v. United States, 377 U.S. 201 (1964)), the government did not "deliberately elicit" Manqueros' confession. Agent Wyatt did not visit Manqueros in jail with the intention of interrogating Manqueros concerning his ownership of the shotgun; he was there simply to perform his ministerial duty of informing Manqueros that a federal arrest warrant had been issued for him on a felon-in-possession charge. Nor did Agent Wyatt say anything to Manqueros that was likely to induce Manqueros to make incriminating statements. Agent Wyatt, therefore, cannot be said deliberately to have elicited Manqueros' confession.
 
 VI.
 
 15
 Manqueros contends that the district court erred in excusing for cause a member of the venire, Manuel Ramos, on the ground that he could not adequately understand English. According to Manqueros, allowing district courts to excuse venirepersons who do not speak English raises the specter of racial discrimination in jury-selection.
 
 
 16
 Manqueros' contention is meritless. English proficiency is a statutory requirement for serving on a federal jury. See 28 U.S.C. §§ 1865(b)(2)-(3). As a result, if a prosecutor has doubts about the ability of a juror to follow the events at trial, comprehend the judge's instructions, or deliberate effectively with the other jurors, ample grounds exist for striking him or her. See United States v. Changco, 1 F.3d 837, 839-40 (9th Cir.), cert. denied, 510 U.S. 1019 (1993). Such was the case with venireperson Ramos.
 
 VII.
 
 17
 Manqueros contends that the district court erred by admitting three government exhibits that lacked proper authentication: exhibit 4, a federal fingerprint card; exhibit 5, a certified copy of a California fingerprint card; and exhibit 6, a certified copy of a California Abstract of Judgment--Prison Commitment. We review for abuse of discretion a district court's findings concerning the authenticity of evidence. United States v. Childs, 5 F.3d 1328, 1335 (9th Cir.1993), cert. denied, 114 S.Ct. 1385 (1994). Authentication of evidence is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); United States v. Harrington, 923 F.2d 1371, 1373-74 (9th Cir.), cert. denied, 502 U.S. 854 (1991).
 
 
 18
 The district court did not abuse its discretion in admitting government exhibits 4, 5, and 6. Exhibit 4, the federal fingerprint card, was signed by Agent Wyatt and was admitted during Agent Wyatt's testimony at trial. The exhibit was thus self-authenticating and admissible. Fed.R.Evid. 901(b)(1).
 
 
 19
 Exhibits 5 and 6 were similarly self-authenticating: both were certified copies of California state records, and both were admitted during Agent Wyatt's testimony. Moreover, Agent Wyatt testified that he personally contacted the California State Department of Correction to obtain the exhibits, making the exhibits admissible pursuant to Fed.R.Evid. 901(7).
 
 VIII.
 
 20
 Finally, Manqueros contends that the district court improperly permitted the government in its closing argument to vouch for the credibility of one of its witnesses, Marlo Smith, and to denigrate the presumption of innocence by commenting on his failure to call Officer Garza as a witness. We review for abuse of discretion a district court's decision to allow a jury to consider comments made in closing argument to which one party objects. United States v. Santiago, 46 F.3d 885, 892 (9th Cir.), cert. denied, 115 S.Ct. 2617 (1995).
 
 
 21
 The district court did not abuse its discretion in either case. In stating that "she's just being truthful that that's all she saw," the government may have improperly vouched in using the word "truthful." In context, however, the impropriety was harmless. The prosecutor was referring to Marlo Smith's testimony that she did not see the barrel of the shotgun when Manqueros lifted it from the seat of the truck. The government was simply responding to defense counsel's allegation that Smith was lying to protect herself. The government did not suggest that the government possessed non-admitted information supporting Smith's testimony, see United States v. Roberts, 618 F.2d 530, 533 (9th Cir.1980), cert. denied, 452 U.S. 942 (1981), nor did it place the prestige of the government behind Smith's testimony. See United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.), cert. denied, 506 U.S. 989 (1992). The prosecutor's statement could have had no unfair effect on the trial.
 
 
 22
 Second, the government did not denigrate the presumption of innocence by commenting on Manqueros' failure to call a witness; the government was simply responding to Manqueros earlier request to the jury to "think about the fact, people that we know were there didn't testify." In context, the statement referred to police officers, not the defendant. "A prosecutor may properly reply to the arguments made by defense counsel, so long as the comment is not manifestly intended to call attention to the defendant's failure to testify." United States v. Bagley, 772 F.2d 482, 494 (9th Cir.), cert. denied, 475 U.S. 1023 (1986).
 
 CONCLUSION
 
 23
 We affirm Manqueros' conviction for possession of a firearm by a felon.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We review de novo whether probable cause existed. United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996)